IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| GARY D. HORTON, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. CIV-11-943-F |
| | ) |
| MICHAEL J. ASTRUE, | ) |
| COMMISSIONER OF SOCIAL | ) |
| SECURITY, | ) |
| | ) |
| Defendant. | ) |

## REPORT AND RECOMMENDATION

Mr. Gary Horton applied for supplemental security income and insurance benefits based on an alleged disability. Administrative Record at pp. 125-27, 130-31 (certified Sept. 26, 2011) ("Record"). The Social Security Administration denied the applications,[1] and Mr. Horton initiated the present action to challenge the determination at step two of the five-step administrative process.[2] The Court should affirm the administrative decision.

### Standard of Review

The Court's review entails only a determination of whether the administrative decision is based on substantial evidence and the correct legal standard. *See Emory v. Sullivan*, 936 F.2d 1092, 1093 (10th Cir. 1991). Evidence is substantial if it is greater than a scintilla. *See Sisco v. United States Department of Health & Human Services*, 10 F.3d 739, 741 (10th Cir.

---

[1]   Record at pp. 1-3, 16-24, 50-53.

[2]   *See* 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4).

1993). If the agency's decision lacks substantial evidence or is based on an incorrect legal standard, reversal is necessary. *See Byron v. Heckler*, 742 F.2d 1232, 1235 (10th Cir. 1984). However, a court may not reweigh the evidence or substitute its judgment for that of the Social Security Administration. *See Hamilton v. Secretary of Health & Human Services*, 961 F.2d 1495, 1498 (10th Cir. 1992).

No Error at Step Two

The applicable regulations call for a five-step evaluation by the administrative law judge. *See supra* p. 1 & note 2. In applying this process, the judge ended his analysis at step two with a finding that Mr. Horton did not have a severe impairment. Record at pp. 18-19, 23. The Plaintiff alleges a legal error and a lack of substantial evidence for the step two determination. The Court should reject these allegations.[3]

I.      Standard at Step Two

At step two, the claimant must demonstrate a medically severe impairment that significantly limits the ability to perform basic work activities. *See* 20 C.F.R. §§ 404.1520(a)(4)(ii), 404.1520(c), 404.1521(a), 416.920(a)(4)(ii), 416.920(c), 416.921(a). "Basic work activities" involve "the abilities and aptitudes necessary to do most jobs." 20 C.F.R. §§ 404.1521(b), 416.921(b). Although the step two standard requires only a "de minimis" showing of an impairment, the claimant must demonstrate more than the mere

---

[3] The Plaintiff states that he is alleging a lack of substantial evidence at step two. But his argument also suggests a claim of legal error, as he alleges disregard of certain evidence and improper reliance on other evidence. Thus, the Court should evaluate the Plaintiff's argument as one involving both legal error and insufficiency of the evidence.

presence of a condition or ailment. *See Hinkle v. Apfel*, 132 F.3d 1349, 1352 (10th Cir. 1997). The plaintiff bears the burden at step two and must furnish supporting evidence. *See Bowen v. Yuckert*, 482 U.S. 137, 146 (1987).

II.     No Legal Error in the Judge's Consideration of the Evidence

Mr. Horton alleges:

- disregard of his testimony and the opinions by two treating psychiatrists and
- improper reliance on the opinions by state agency medical experts.

The Court should reject these allegations.

    A.     The Administrative Law Judge Did Not Disregard Medical Evidence

In part, Mr. Horton contends that the administrative law judge had disregarded:

- testimony regarding difficulty in keeping a job because of a bipolar disorder,
- evidence from Dr. Zielinski at the Northwest Center for Behavioral Health, and
- prescription medications noted by a medical provider at Mental Health Services of Southern Oklahoma.

The Plaintiff's arguments are incorrect, as the administrative law judge discussed the evidence that was allegedly ignored.

First, the judge summarized the Plaintiff's testimony, including job difficulties because of a bipolar disorder:

> Claimant alleged that he was disabled due to multiple impairments, including memory loss, headaches, back problems, depression, anxiety, and bipolar disorder. He testified at the hearing that he had not worked since 2008, that he had always had problems with his behavior, that he would get mad and go into a rage, that he could not comprehend a lot of things, and would get upset

and throw temper tantrums, and that these problems continued. He testified that he had altercations with coworkers and supervisors but had never walked off a job, that he was fired from the majority of his jobs due to his temper and attitude. He admitted that he had never received inpatient mental health hospitalization, but said that he had received outpatient mental health care from "Northwest in Enid" where he had been diagnosed with bipolar disorder. He stated that after the disorder was explained to him, it all started coming together and he realized that was the reason he had been fired from all his jobs.

Record at p. 20.

Second, the administrative law judge summarized Dr. Zielinski's report:

In regard to claimant's alleged mental health treatment, he was initially evaluated at Northwest Center for Behavioral Health on February 23, 2009. Claimant indicated that he had been prescribed Abilify by his physician's assistant, Arlyn Wing, and he also gave a remote history of psychiatric care. He indicated that he had been separated about 2 ½ months from his wife and he described mood swings, hypertalkativeness, need for less sleep, impulsivity, and sad mood. Insight and judgment were good and cognition and sensorium were intact. Claimant could recall three of three objects, both immediately and after five minutes. Psychiatrist Richard Zielinski, M.D., prescribed medication and advised claimant to return in four weeks.

*Id.* at p. 21.

Finally, the judge summarized the Plaintiff's treatment at Mental Health Services of Southern Oklahoma, which had included prescription medications and counseling. *Id.* at pp. 21-22; *see infra* p. 5.

    B.    <u>No Improper Reliance on the Opinions by State Agency Medical Experts</u>

The Plaintiff also alleges that the administrative law judge had improperly relied on the opinions by state agency experts. According to the Plaintiff, reliance on these opinions

was improper because they had preceded treatment at Northwest Center for Behavioral Health and Mental Health Services of Southern Oklahoma.

The Plaintiff is mistaken with respect to treatment at the Northwest Center for Behavioral Health. All of this treatment had taken place before any of the agency experts had expressed an opinion.[4]

The treatment at Mental Health Services of Southern Oklahoma had begun in July 2009 and ended in March 2010. *See* Record at pp. 272-320. In these records, Mr. Horton points to the diagnosis of a "medically severe" condition requiring "the use of powerful medications." Plaintiff's Opening Brief at p. 4 (Jan. 26, 2012). But the agency doctors ultimately diagnosed the same condition, bipolar disorder, and noted that the treatment had included the prescription medications Gapapentin, Trileptal, Abilify, and Zoloft. Record at pp. 243, 250, 259.

The Plaintiff has not shown any reason to fault the administrative law judge for relying at least in part on these assessments by agency doctors. The judge had to consider them and when he did, he found them "well supported by the evidence as a whole."[5] The

---

[4]  The state agency experts expressed their opinions on June 4, 2009, June 25, 2009, June 29, 2009, September 16, 2009, and September 23, 2009. Record at pp. 242-63. Mr. Horton obtained treatment at Northwest Center for Behavioral Health on January 7, 2009, and February 23, 2009. *See id.* at pp. 234-35, 265.

[5]  Record at p. 22; *see* Social Security Ruling 96-6p, *Policy Interpretation Ruling Titles II and XVI: Consideration of Administrative Findings of Fact by State Agency Medical and Psychological Consultants and Other Program Physicians and Psychologists at the Administrative Law Judge and Appeals Council Levels of Administrative Review; Medical Equivalence*, 1996 WL 374180, Westlaw op. at 2 (July 2, 1996) (stating that administrative law judges cannot "ignore" opinions by state agency physicians or psychologists).

Plaintiff has not identified anything in the subsequent medical records to cast doubt on the continued reliability of this assessment.

III.    Existence of Substantial Evidence for the Step Two Determination

The administrative law judge concluded that the bipolar disorder was not severe because it did not significantly affect the claimant's ability to perform basic work activities for twelve consecutive months. *Id.* at pp. 18-19. According to Mr. Horton, the evidence was insufficient for this finding. The undersigned disagrees.

In reaching the step two determination, the administrative law judge relied on the following evidence:

- findings by a mental status examiner that the Plaintiff was able to concentrate well enough to solve mathematical problems, that he demonstrated intact recent and remote memory, and that he had normal thought processes,[6]

- findings by a treating doctor that Mr. Horton had exhibited good insight, good judgment, and intact cognition and sensorium,[7]

- a report by Mental Health Services of Southern Oklahoma regarding improvement in the symptoms while Mr. Horton was on medication,[8]

- opinions by two state agency experts that the Plaintiff did not have a severe mental impairment,[9]

---

[6]    Record at p. 237.

[7]    Record at p. 234.

[8]    Record at p. 349.

[9]    Record at pp. 247, 262.

- a notation from an examining physician that Mr. Horton appeared to be relaxed even though he reported he had been out of medication for a month,[10] and

- inconsistencies between the Plaintiff's testimony and the medical evidence.[11]

*Id.* at pp. 20-23.

To be considered severe at step two, the impairment must significantly limit the Plaintiff's ability to perform basic work activities. *See supra* p. 2. Examples of "basic work activities" include the use of judgment and memory of simple instructions. 20 C.F.R. §§ 404.1521(b), 416.921(b). A mental status examiner opined that the Plaintiff had intact recent and remote memory and a treating physician noted that Mr. Horton had shown good judgment. *See* Record at pp. 234, 237. In addition, two agency doctors determined that Mr. Horton did not suffer from a severe mental impairment. *See id.* at pp. 247, 262; *see supra* pp. 6-7 & note 9. Based on this evidence, the judge could reasonably infer that the mental limitations had constituted only a *de minimus* impact on the ability to perform basic work activities. Thus, substantial evidence existed for the judge's finding at step two.[12]

---

[10]    Record at p. 259.

[11]    For example, Mr. Horton testified that he had encountered bad headaches. Record at p. 44. But as noted by the judge, the record did not indicate treatment for headaches. *See id.* at p. 23.

The Plaintiff also testified that he had difficulty remembering things. *Id.* at p. 44. But a mental status examiner concluded that Mr. Horton had demonstrated intact recent and remote memory. *Id.* at p. 237.

[12]    *See Barrett v. Astrue*, 340 Fed. Appx. 481, 484 (10th Cir. Aug. 6, 2009) (unpublished op.) (stating that an agency physician's opinion provided substantial evidence for a finding at step two that the claimant had not suffered from a severe impairment).

### Recommended Ruling

The Court should affirm the Social Security Administration's decision at step two.

### Notice of the Right to Object

Any party may file written objections with the Clerk of the United States District Court, Western District of Oklahoma. *See* 28 U.S.C. § 636(b)(1) (2006). The deadline for objections is July 16, 2012. *See* Fed. R. Civ. P. 6(a)(1)(C), 6(d), 72(b)(2). The failure to file timely objections would result in waiver of the right to appeal the suggested ruling. *See Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991).

### Status of the Referral

The referral is discharged.

Entered this 27th day of June, 2012.

*/s/ Robert E. Bacharach*
Robert E. Bacharach
United States Magistrate Judge